ORIGINAL

FAXED

BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: 415-813-6210
Facsimile: 415-813-6222

*Attorneys for Micron Technology, Inc.*

Filed

AUG 2 2 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SANDISK CORPORATION,<br><br>            Plaintiff,<br><br>      v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>            Defendant.<br><br>IN RE SUBPOENA ISSUED IN:<br><br>SANDISK CORPORATION,<br><br>            Plaintiff and<br>            Counterclaim<br>            Defendant,<br><br>      v.<br><br>ROUND ROCK RESEARCH LLC,<br><br>            Defendant and<br>            Counterclaim Plaintiff. | Misc. Case No. 5:13-mc-80165-EJD<br><br>**MICRON'S OPPOSITION TO SANDISK'S MOTION TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS** |

MICRON'S OPPOSITION TO SANDISK'S MOTION TO COMPEL
PRODUCTION OF SUBPOENAED DOCUMENTS
PUBLIC REDACTED VERSION

Case No. 5:13-mc-80165-EJD

# TABLE OF CONTENTS

I.   Introduction ..........................................................................................................................1

II.  Factual Background .............................................................................................................1

III. Legal Standard .....................................................................................................................2

IV.  Argument .............................................................................................................................3

A.   Micron Has Complied With SanDisk's Three Document Subpoenas ..................................3

   1.  Micron Produced The Subpoenaed JEDEC And ONFi Related Documents Located After A Reasonable Search, And Will Produce The Newly-Requested JEDEC Listserv Emails .........................................................................................3

   2.  Micron Has Produced All Inventor Notebooks In Its Possession, Custody, Or Control (Document Request No. C-4). ..........................................................4

   3.  Micron Does Not Have Any Documents Regarding The Marking Of Its Products (Document Request No. C-5). ............................................................5

   4.  Micron Has Produced All Documents Related To Micron Products Specifically Identified By SanDisk (Document Request Nos. G-1, I-1, I-2, J-1, K-1). ...................................................................................................................6

B.   SanDisk's Requests For Micron's Documents Showing Its Analyses and Knowledge of SanDisk Products and Investments Are Overbroad, Unduly Burdensome, and Irrelevant (Document Request Nos. L-1 through L-7) ...............................................7

V.   Conclusion .........................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

A.C. Aukerman Co. v. R.L. Chaides Constr. Co.,
   960 F.2d 1020 (Fed. Cir. 1992).................................................................................... 7, 8

Collins v. Experian Credit Rating Svc.,
   No. 3:04CV1905(MRK), 2006 WL 2850411 (D. Conn. Oct. 3, 2006).................................. 6

Convolve, Inc. v. Dell, Inc.,
   No. C 10-80071 WHA, 2011 WL 1766486 (N.D. Cal. May 9, 2011).................................. 3, 9

Exxon Shipping Co. v. U.S. Dep't of Interior,
   34 F.3d 774 (9th Cir. 1994) ........................................................................................... 3

Fresenius Med. Care Hldgs. Inc. v. Baxter Int'l, Inc.,
   224 F.R.D. 644 (N.D. Cal. 2004).................................................................................... 6

High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.,
   161 F.R.D. 86 (N.D. Cal. 1995)...................................................................................... 3

Katz v. Batavia Marine & Sporting Supplies, Inc.,
   984 F.2d 422 (Fed. Cir. 1993)........................................................................................ 3

Mformation Techs., Inc. v. Research in Motion Ltd.,
   830 F. Supp. 2d 815 (N.D. Cal. 2011)............................................................................. 8

Micro Motion, Inc. v. Kane Steel Co., Inc.,
   894 F.2d 1318 (Fed. Cir. 1990)...................................................................................... 9

Rivera v. NIBCO, Inc.,
   364 F.3d 1057 (9th Cir. 2004) ....................................................................................... 9

Rockwell Int'l Corp. v. SDL, Inc.,
   103 F. Supp. 2d 1192 (N.D. Cal. 2000) .......................................................................... 8

Trading Techs. Int'l v. eSpeed, Inc.,
   No. 04 C 5312, 2006 WL 3541933 (N.D. Ill. Dec. 5, 2006) .............................................. 9

Wanlass v. Fedders Corp.,
   145 F.3d 1461 (Fed. Cir. 1998)...................................................................................... 8

**Rules**

Fed. R. Civ. P. 26........................................................................................................... 3, 9

Fed. R. Civ. P. 45........................................................................................................... 2, 6

I. **INTRODUCTION**

SanDisk's motion to compel documents appears to be motivated by a desire to burden Micron—a direct competitor who is not a party to the underlying lawsuit—rather than by a legitimate need for relevant information. The complaints underlying SanDisk's motion stem from SanDisk's overbroad document requests and its inability or unwillingness to properly review Micron's document production, not from Micron's collection and production efforts. In the face of SanDisk's overbroad requests, Micron sought clarity from SanDisk, conducted reasonable searches, and produced responsive documents to SanDisk. SanDisk's motion demonstrates that it has not even properly examined the fifteen thousand pages produced by Micron to date; many of the specifically identified documents in SanDisk's motion have already been collected and produced in response to SanDisk's subpoena. And SanDisk continues to pursue broad categories of documents rather than tailoring its requests to relevant categories of documents that it may legitimately need. These remaining requests are vastly overbroad, not relevant to any claim or defense in the underlying action, and the burden and expense of searching for documents responsive to those requests (to the extent such a search is even possible) vastly outweighs any conceivable benefit. SanDisk's motion should therefore be denied in its entirety.

II. **FACTUAL BACKGROUND**

Contrary to SanDisk's assertion, Micron is not "the real party at interest in this litigation." (SanDisk Motion at 2.) Instead, Round Rock has all rights to the patents-in-suit. In 2010, Micron and Round Rock entered into an arms-length transaction by which Micron transferred over 4,200 patents to Round Rock. Micron has no control over Round Rock or the suit between Round Rock and SanDisk. Nor was Micron involved in the licensing negotiations between Round Rock and SanDisk that allegedly led SanDisk to file the underlying action. Micron and Round Rock are separate entities, with no common ownership, officers, directors, or executives. And SanDisk filed a declaratory judgment suit in this Court against Round Rock, not Micron, because Round Rock is the owner of the patents-in-suit.

1    SanDisk has issued a total of five subpoenas to nonparty Micron regarding its litigation with Round Rock: three for documents (totaling over one hundred document requests) and two for testimony. The subpoena at issue in SanDisk's motion to compel is its January 9, 2013, document subpoena. Micron promptly objected to the overwhelming breadth of some of the topics, which were clearly not narrowly drawn to meet SanDisk's specific needs for relevant information. Micron, however, still conducted reasonable searches for responsive documents, resulting in productions totaling over fifteen thousand pages. Months later, SanDisk now seeks to revisit the document subpoena and raise questions as to Micron's search methodology. SanDisk bases its motion on the allegation that Micron limited its searches for responsive documents to "very narrow searches for the patents-in-suit." (SanDisk Motion at 2.) For example, SanDisk alleges that Micron circumscribed its document search in a manner that would not capture all relevant inventor notebooks if such notebooks do not reference an as-yet unissued patent. But that allegation is false. SanDisk searched for *all* relevant inventor notebooks from each of the inventors named on the patents-in-suit without limiting that search by timeframe or to certain search terms such as patent numbers. With respect to broad categories of general engineering documents, Micron has been very cooperative in the face of SanDisk's overbroad and unduly burdensome requests, agreeing to go back and look for and produce specifically identified documents. Indeed, when SanDisk identified specific documents—even when they were of marginal relevance—Micron agreed to collect and produce those documents. Nonparty Micron should not, however, be forced to conduct even more burdensome searches for irrelevant documents merely because SanDisk has chosen to serve improper, overly broad discovery requests.

### III.    LEGAL STANDARD

Nonparties to litigation may be served a subpoena commanding them to produce designated documents within their possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). But the Ninth Circuit has long held that nonparties deserve special protection against the time and expense of complying with subpoenas. *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994); *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (same). Indeed, "non-parties should not be burdened in discovery to the same extent as

the litigants themselves." *Convolve, Inc. v. Dell, Inc.*, No. C 10-80071, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011). "Requests to non-parties should be narrowly drawn to meet specific needs for information." *Id.* (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993)). The court must limit the frequency or extent of discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

## IV. ARGUMENT

### A. Micron Has Complied With SanDisk's Three Document Subpoenas

#### 1. Micron Produced The Subpoenaed JEDEC And ONFi Related Documents Located After A Reasonable Search, And Will Produce The Newly-Requested JEDEC Listserv Emails

SanDisk motion should be denied as moot because Micron has already produced, or is in the process of producing, the communications with standards organizations JEDEC and ONFi that SanDisk seeks. More specifically, SanDisk identifies two specific categories of documents in its motion: (1) patent disclosure forms from Micron's in-house counsel, Mr. Joel Poppen, to JEDEC; and (2) Micron's emails to the "JEDEC Reflector" listserv. Micron has produced the disclosure forms, and is in the process of collecting and producing the listserv e-mails that SanDisk requested for the first time in its motion to compel.

SanDisk incorrectly alleges that several Micron patent disclosures to JEDEC were omitted from Micron's production. (SanDisk Motion at 20 ("Micron's in-house counsel, Mr. Joel Poppen, has submitted multiple disclosure forms to JEDEC, but not all of these responsive disclosures have been included in Micron's document production."). *See also* Ta Decl. at ¶¶16-17 (stating that Exhibits N and O "[have] not been produced by Micron.").) To the contrary, Micron searched for all responsive patent disclosures to JEDEC, and produced all such disclosures that it found. In fact, Micron produced the disclosures specifically identified by SanDisk (as Exhibits N and O to

SanDisk's motion) on March 13, 2013, nearly 5 months before SanDisk filed its motion to compel. (*See* Black Decl. Exs. 1, 2;[1] *see also* Black Decl. Ex. 3 (production e-mail dated March 13, 2013)). Micron is not withholding any responsive JEDEC patent disclosures, and has produced all such disclosures that it located after a reasonable search.[2]

Micron first learned of the listserv emails that SanDisk seeks upon being served with SanDisk's motion to compel. Even though Micron disputes the relevance of the requested documents, because SanDisk has now identified the information it seeks with reasonable particularity Micron is in the process of searching the emails of the individuals identified by SanDisk for such communications and will produce all responsive emails.[3]

### 2. Micron Has Produced All Inventor Notebooks In Its Possession, Custody, Or Control (Document Request No. C-4).

SanDisk's document request No. C-4 requested all notebooks for each inventor of the patents-in-suit. In complying with the subpoena, Micron identified the inventors of the patents-in-suit, searched for all of their notebooks that may relate to any of the patents-in-suit, and produced all of those notebooks to SanDisk. Contrary to SanDisk's baseless speculation, Micron is not

---

[1] MICRON0001467 corresponds to Exhibit N of the Ta Declaration. MICRON0001464 corresponds to Exhibit O of the Ta Declaration.

[2] Micron's investigation has led it to conclude that no patent disclosures are required by ONFi and accordingly none exist.

[3] Micron disputes that the referenced emails "relat[e] to any of the PATENTS-IN-SUIT" or "regard[ed] the terms and conditions under which MICRON would make any of the PATENTS-IN-SUIT or a RELATED PATENT available for license in order to practice a standard" as requested in SanDisk's document requests. (*See* SanDisk Motion at 17-18.) Nevertheless, Micron has produced all emails located to date and is in the process of collecting and producing the additional emails requested by SanDisk. Similarly (and with the same caveat) even though SanDisk did not raise the issue of communications with ONFi during meet and confer discussion, Micron now has produced, or is in the process of collecting and producing, such communications.

1  withholding any notebooks that were uncovered during that search as privileged or on any other
2  basis. (*Contra* SanDisk Motion at 12 ("Micron thus claims that some or all of the inventors'
3  notebooks are somehow privileged . . . .").) And the Micron inventors who were deposed confirmed
4  that additional inventor notebooks do not exist. For example, Mr. Kevin Widmer testified that ███
5  ███████████████████████████████████████████████████████████████████████████████████████████████.
6  (Black Decl. Ex. 4, Dep. Tr. of K. Widmer at 25:20-25; 33:5-13.) Mr. Chang Wan Ha testified that
7  ███████████████████████████████████████████████████████████████████████████████████████████████
8  ███████████████████████████████████████. (Black Decl. Ex. 5, Dep. Tr. of C. Ha at 114:23-
9  115:11.) SanDisk's motion should therefore be denied as moot.

   3.  **Micron Does Not Have Any Documents Regarding The Marking Of Its Products (Document Request No. C-5).**

12  SanDisk requested "DOCUMENTS sufficient to show that MICRON marked MICRON
13  products with the patent numbers corresponding to one or more of the PATENTS-IN-SUIT."
14  Micron has searched its files and found no documents responsive to this request, and thus has no
15  documents to produce. SanDisk, however, refuses to accept the results of Micron's search and now
16  demands what is, essentially, an interrogatory response. (SanDisk Motion at 10 ("[T]he Court should
17  order Micron to commit to a position regarding its and its licensees' patent marking efforts, or
18  certify that it did sell products that incorporated the patented inventions but did not mark them.").)
19  But SanDisk's request is improper and has no legal basis because SanDisk cannot serve
20  interrogatories on nonparty Micron, and cannot circumvent the Federal Rules by using a nonparty
21  document subpoena as an interrogatory. *E.g.*, *Collins v. Experian Credit Rating Svc.*, No.
22  3:04CV1905(MRK), 2006 WL 2850411, at *1 (D. Conn. Oct. 3, 2006) ("Rule 45 does not allow a
23  party to serve interrogatories upon a non-party."); *see also* Fed. R. Civ. P. 45 (providing no basis for

serving interrogatories on nonparties).[4] Moreover, Micron has not analyzed whether one or more of its thousands of products might incorporate one of the patented inventions, and thus could not provide such a certification even if SanDisk was permitted to serve such an interrogatory on non-party Micron. SanDisk's request should thus be denied.

4. **Micron Has Produced All Documents Related To Micron Products Specifically Identified By SanDisk (Document Request Nos. G-1, I-1, I-2, J-1, K-1).**

SanDisk's document requests related to the incorporation of patented features in Micron's memory products are overbroad, unduly burdensome, and not likely to lead to discoverable information. For example, while SanDisk argues that its document requests may reveal "the facts and circumstances surrounding the conception and reduction to practice of the claimed inventions" and "how an invention is related to prior art," only one of its requests contains a temporal limit. SanDisk, therefore, seeks documents that *postdate* the filing of the patents-in-suit, documents that cannot possibly support SanDisk's alleged bases for relevance.

Despite the over-breadth and lack of relevance of SanDisk's requests, where SanDisk identified a particular Micron product in which it was interested—*i.e.*, SyncFlash—Micron searched for, and produced, the documents relating to that product. (*See, e.g.*, Black Decl. Exs. 6-11.) With regard to SanDisk's arguments based on the testimony of Micron witness Mr. Kevin Widmer concerning SynchFlash, while Micron disagrees with SanDisk's characterization of Mr. Widmer's testimony, Micron is conducting an additional search for responsive documents. Accordingly, SanDisk's request regarding SyncFlash should be denied as moot.

---

[4] SanDisk cites to *Fresenius Med. Care Hldgs. Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 651 (N.D. Cal. 2004). However, that case dealt with an interrogatory and document request served on a *party* and not a subpoena for documents to a nonparty, as here. *Id.* ("When responding to *interrogatories*, a *party* has a duty to respond with all the information under its custody and control.") (emphasis added).

For the remainder of SanDisk's requests, SanDisk does not identify any particular Micron product and instead paraphrases claim limitations. In addition to the lack of relevance of such requests, it would be unduly burdensome to require Micron to conduct such a massive investigation and analysis of which of its thousands of products might contain those limitations. Moreover, as Micron has not conducted such an analysis as part of its ordinary course of business, SanDisk's request seeks privileged information, as such an analysis at this stage would require legal advice and analysis concerning whether each of Micron's thousands of products might meet the patent claim limitations. Accordingly, if SanDisk would like information about particular products that it believes are relevant, it should identify those products and have its experts—not nonparty Micron—conduct that investigation. *Cf. Convolve*, 2011 WL 1766486, at *2 ("The instant subpoena effectively requires non-party Seagate to act as an unpaid expert witness in support of defendants' defense…").

### B. SanDisk's Requests For Micron's Documents Showing Its Analyses and Knowledge of SanDisk Products and Investments Are Overbroad, Unduly Burdensome, and Irrelevant (Document Request Nos. L-1 through L-7)

SanDisk broadly seeks documents "relating to any competitive analysis performed by Micron with regard to SanDisk between December 2002 and December 2010;" documents "relating to any analysis of SanDisk's investments in marketing, manufacturing, or sales of flash memory products between December 2002 and December 2010;" and documents relating to Micron's "awareness" of various SanDisk products. (SanDisk Motion at 13-16.) But SanDisk makes no effort to tailor its requests for confidential information from a nonparty competitor to information relevant to any claim or defense in the underlying lawsuit.

In light of SanDisk's failure to identify specific documents or tailor its requests to discoverable information, Micron was required to solicit SanDisk's position as to the relevance of the overbroad requests and so it could conduct a reasonable search for documents. SanDisk contends that the requested documents are relevant to its affirmative defenses laches and equitable estoppel. (SanDisk Motion at 16.) To prove a defense of laches, an accused infringer must show that the patentee delayed filing suit for an unreasonable and inexcusable length of time from the *time*

*it knew or reasonably should have known of its infringement claim* against the accused infringer. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (*en banc*). But SanDisk's requests are not tailored to Round Rock's infringement claims or to the features of the SanDisk products that Round Rock accuses of infringement. And Micron's analyses of SanDisk investments, if any, are not likely to show that it was aware, or should have been aware, that SanDisk infringed the patents-in-suit. Similarly, Micron specifically reviewed its ▮▮▮▮ ▮▮▮▮ documents and did not find that any mention the patents-in-suit. And documents unrelated to the patents-in-suit are irrelevant for the purposes of showing that Micron knew, or should have known, of the infringement identified by Round Rock in the underlying suit. Whether Micron was generally aware of certain SanDisk products is not relevant to laches. *See, e.g., Wanlass v. Fedders Corp.*, 145 F.3d 1461, 1464-65 (Fed. Cir. 1998) (holding that evidence that patentee was generally aware of company and its products could not support summary judgment of laches when testing was required to determine infringement); *Mformation Techs., Inc. v. Research in Motion Ltd.*, 830 F. Supp. 2d 815, 824-25 (N.D. Cal. 2011) ("[T]he mere fact that employees of Plaintiff would have been familiar with Defendants' product does not constitute evidence of 'extraneous improper tactics or misleading conduct' by Plaintiff of the kind that would be necessary to support Defendants' contention that Plaintiff's delay in filing this lawsuit was unreasonable."); *Rockwell Int'l Corp. v. SDL, Inc.*, 103 F. Supp. 2d 1192, 1197 (N.D. Cal. 2000) (holding that "more than a mere suspicion" is required to find constructive knowledge of infringement). Accordingly, SanDisk has failed to establish the relevance of such documents to the underlying action.

Similarly, in order to prove a defense of equitable estoppel,[5] an accused infringer must establish that the patentee, through misleading conduct, leads the alleged infringer to reasonably

---

[5] SanDisk has only raised a defense of equitable estoppel against Round Rock's '344 and '760 patents.

infer that the patentee does not intend to enforce its patent against the alleged infringer, and that the alleged infringer relied on that conduct. *A.C. Aukerman Co.*, 960 F.2d at 1029. But SanDisk—not Micron—is in possession of all information on which SanDisk relied. If there is a specific document in SanDisk's possession that SanDisk seeks to confirm originated from Micron, SanDisk's request should be narrowly tailored to that document.

SanDisk also speculates that a Micron analysis "might" contain information relevant to secondary considerations of non-obviousness or damages. (SanDisk Motion at 17.) Such speculation should not force Micron to produce its sensitive business information to a direct competitor. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expedition[s].'"); *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1328 (Fed. Cir. 1990) ("A litigant may not engage in merely speculative inquiries in the guise of relevant discovery."); *Trading Techs. Int'l v. eSpeed, Inc.*, No. 04 C 5312, 2006 WL 3541933, at *2 (N.D. Ill. Dec. 5, 2006) (denying motion to compel compliance with subpoena when subpoenaing party "evidenced very little basis for believing" competitor had relevant information relating to secondary considerations and damages).

Moreover, SanDisk can rely on its own analyses regarding "features and factors that mattered most to customers in the flash memory industry and/or whether or not certain patented features drove the sale of a product." (SanDisk Motion at 17.) There is no reason to compel Micron to produce its confidential internal competitive analyses when SanDisk's analyses can serve the same purpose. As a direct competitor of SanDisk, Micron may have materials that reference SanDisk's position in the market, but SanDisk should not be permitted to use a third party subpoena to obtain broad discovery of its competitor's highly confidential business information that has no relevance here. Moreover, the burden and expense associated with requiring Micron to plow through those broad categories of documents outweighs the likely benefit of the discovery. *See* Fed. R. Civ. P. 26(b)(2); *Convolve*, 2011 WL 1766486, at *2 ("The amount of labor required to locate and identify the materials would be unduly burdensome for a non-party . . . ."). Accordingly, SanDisk's motion should be denied.

**V. CONCLUSION**

For the foregoing reasons SanDisk's motion to compel should be denied in its entirety.

Dated: August 22, 2013

Respectfully submitted,

By: /s/ *Bradford J. Black*
Bradford. J. Black

BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: 415-813-6210
Facsimile: 415-813-6222

*Attorneys for Micron Technology, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd of August, 2013, I caused a true and correct copy of the foregoing instrument to be served upon all parties via electronic mail.

Date: August 22, 2013

By: */s/ Bradford J. Black*
Bradford J. Black

BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: 415-813-6210
Facsimile:  415-813-6222

*Attorneys for Micron Technology, Inc.*