1  CHUCK P. EBERTIN (SBN 161374)
     cebertin@velaw.com
2  VINSON & ELKINS LLP
   1841 Page Mill Road, Suite 200-B
3  Palo Alto, CA  94304
   Tel:  (650) 687-8200 / Fax: (650) 618-1970
4
   Attorneys for Plaintiff
5  SANDISK CORPORATION

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 SANDISK CORPORATION,                    Misc. Case No. 13-mc-80165 RS JSC
                                           [Related to
12              Plaintiff,                 Case No. 3:11-cv-05243-RS]

13 vs.                                     SANDISK'S REPLY IN SUPPORT
                                           OF ITS MOTION TO COMPEL
14 MICRON TECHNOLOGY INC.,                 PRODUCTION OF SUBPOENAED
                                           DOCUMENTS FROM MICRON
15              Defendant.                 TECHNOLOGY INC.

16 IN RE: SUBPOENA ISSUED IN:

17 SANDISK CORPORATION,

18         Plaintiff and Counterclaim Defendant,

19 vs.

20 ROUND ROCK RESEARCH LLC,

21         Defendant and Counterclaim Plaintiff.

22

23

24            **REDACTED VERSION**

25

26

27

28

SanDisk's Reply In Support Of Motion to            Case No. 13-mc-80165 RS JSC
Compel Micron's Production of Documents
2064178

Micron transferred its ships and cannons to Round Rock in order for Round Rock to attack SanDisk and others.  To assist Round Rock in its privateering efforts, ███████████ ███████████████████████████████████████████████████ In exchange for its patronage, ███████████████████████████████████ Micron now feigns the part of "nonparty" to prevent SanDisk from receiving the fundamental discovery it needs to defend itself.  But given its significant past ██████████████████████████ Micron should not now be heard to complain about an unspecified and unsupported burden.  Instead, that Micron actually developed, prosecuted, and implemented the patented features makes the documents in its possession so unique and highly relevant that the unsupported allegations of burden should be disregarded.

## I.    INTRODUCTION

### A.    In Exchange for Litigation Proceeds, Micron Has Agreed to Provide Ongoing Litigation Support.

Micron incredulously states that "Round Rock has all the rights to the patents-in-suit" and even goes so far as to claim that it "has no control over Round Rock."  [Opposition Brief ("Micron Opp.") at 1:19, 1:21.]  However, the Patent Sale and Transfer Agreement, ███████████████████████ ██████████████████████████████ [Dkt. No. 2, Declaration of Janice Ta in Support of Motion to Compel ("Ta Decl.") at Ex. E ("Micron/RR Agreement").]  For example, ███████████

███████████████████████████████████████████████████████

- ███████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
██████████████

- ███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████

SanDisk's Reply In Support Of Motion to                          1                          Case No. 13-mc-80165 RS JSC
Compel Micron's Production of Documents
2064178

1

2

3

4

5

6    To  enhance  its  chances  ████████████████████████████████  Micron  is  required  to

7    provide ████████████████████████████

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SanDisk's Reply In Support Of Motion to**          2          **Case No. 13-mc-80165 RS JSC**
**Compel Micron's Production of Documents**
2064178

**B.      Micron Has Provided No Evidence of Burden.**

Micron's Opposition Brief is replete with complaints about burden and expenses, but Micron does not provide any declaration from a company representative or make any attempt to quantify the alleged burden or expenses.  Rather, Micron presents bare attorney argument (by the same attorneys that represent Round Rock):

> We reject the unsupported statements of counsel, made at oral argument before us that the subpoena is overly broad and thus burdensome.  Arguments of counsel are not evidence.

*Truswal Systems Corp. v. Hydro-Air Eng'g*, 813 F.2d 1207, 1211 (Fed. Cir. 1987) (vacating order granting motion to quash filed by nonparty); *see also Acer Inc. v. Technology Properties, Ltd.*, No. C-08-00877 JW, slip op. at 3 (N.D. Cal. Feb. 8, 2012) (criticizing nonparty Seagate for arguing undue burden but "present[ing] no evidence whatever that this is the case.  No declarations regarding burden by a knowledgeable Seagate representative accompany the opposition nor do the opposition papers identify just what the burden would be.").  So too, Micron's unsupported and unspecified claims of burden should likewise be rejected.

**II.      MICRON SHOULD PRODUCE DOCUMENTS SHOWING ANALYSES AND KNOWLEDGE OF SANDISK PRODUCTS (DOCUMENT REQUEST NOS. L-1 – L-7).**

Absent a declaration or any evidentiary support, Micron complains about the unspecified "burden and expense associated with requiring Micron to plow through those broad categories of documents" ████████████████████ ***SanDisk products***.  [Micron Opp. at 9:23–25.]  However, the Micron/RR Agreement specifically requires Micron ████ ████████████████████████████ If Micron is willing (and indeed required) ████████████ ████ it should have no problem providing SanDisk with ████████████ ████████████[1]

---

[1]  While Micron complains about the breadth of the requests, SanDisk intentionally limited its discovery to Micron's analyses of ***SanDisk memory products***, and not the analyses of products from other Micron competitors.

Micron's objections as to confidentiality are similarly unfounded, as Micron has provided no reason why the Protective Order in this case cannot adequately protect Micron's sensitive information.  "[I]t is precisely the purpose and function of a protective order to protect confidential information, i.e., if the information were *not* confidential there would be less or no need for a protective order."  *Truswal*, 813 F.2d at 1211.  The *Truswal* Court refused to "assume that counsel would breach the duty of an officer of the court by disclosing the [confidential] sales information to [a] competitor in violation of a protective order."  *Id.*  Moreover, it is difficult to understand how the materials requested in Document Request Nos. L1 – L7 are even highly confidential to Micron in the first place, as they pertain to Micron's analyses of *SanDisk products.*

Regarding relevance, Micron conflates the standard for relevance with the standard for proving the merits at trial.  It is bedrock law that "[r]elevance under Rule 26(b)(1) is construed more broadly for discovery than for trial. . . .  Where relevance is in doubt, the rule indicates that the court should be permissive."  *Truswal*, 813 F.2d at 1211–12.  The key inquiry at this stage is "whether the information sought appears reasonably calculated to lead to the discovery of admissible evidence."  *Truswal*, 813 F.2d at 1212.  This is because "[n]o useful purpose would be served in converting every hearing on a motion to quash a subpoena . . . into a full-fledged trial . . . ."  *Id.* at 1212.[2]  One of the elements of laches is that "the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew *or reasonably should have known* of its claim against the defendant."  *A.C. Auckerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992).  Micron has limited its search to documents which specifically "mention the patents-in-suit" and not documents that analyze SanDisk's products.  [Micron Opp. at 8:6–7]  However, documents reflecting Micron's analyses of SanDisk's products are reasonably calculated to lead to discovery of when Micron knew or reasonably should have known that SanDisk's products included certain features alleged to be covered by the Micron patents transferred to Round Rock.  Regardless of whether a document mentions a patent-in-suit by number, the documents requested by SanDisk

---

[2]   Micron ignores this standard and instead cites to cases relating to summary judgment.  [*See* Micron Opp. at 8.]  Indeed, none of the cases cited by Micron involved a motion to quash or for protection.

1   are relevant at least to whether Micron "reasonably should have known of its claim against the

2   Defendant."

3   **III.   MICRON   SHOULD   PRODUCE   ITS   TECHNICAL   DOCUMENTATION**

4   **(DOCUMENT REQUEST NOS. G-1, I-1, I-2, J-1, AND K-1).**

5   As discussed in SanDisk's opening brief, patent marking requires the patentee [Micron] and

6   assignee [Round Rock] to comply with the patent marking statute, 35 U.S.C. § 287.  [SanDisk Mot.

7   at 9.]  While Micron admits ████████████████████████████████████████████████

8   [Micron Opp. at 5:12–6:4], Micron refuses SanDisk the discovery it needs to show that Micron

9   products actually practice the patents.[3]  To be clear, and unlike the *Convolve* case relied upon by

10   Micron, SanDisk is not asking Micron to perform a live demonstration at a deposition of how its

11   products work.  *See Convolve, Inc. v. Dell, Inc.*, No. C 10-80071 WHA, 2011 WL 1766486, at *2

12   (N.D. Cal. May 9, 2011).  Similarly, SanDisk is not asking for an infringement analysis or for an

13   interrogatory response.   Rather, SanDisk has asked Micron for documents describing specific

14   technical features of how Micron products work [such as SyncFlash (Document Request Nos. I-1

15   and I-2)], how certain specifically identified signals are received (Document Request No. J-1), and

16   similar technical topics.[4]  Micron is in the best position to know which of its products incorporate

17   such technical features, and SanDisk cannot get this discovery from any other party.  *See Kilopass*

18   *Tech. v. Sidense Corp.*, No. C 10-02066 SI, slip op. at 5–6 (N.D. Cal. June 21, 2011) (ordering

19   nonparty to produce technical and financial documents for products employing the accused

20   technology because many of the documents were uniquely in the nonparty's possession).

21   Evidence regarding Micron's incorporation of patented technology into its products is

22   fundamental to establishing that Round Rock is not entitled to any damages prior to the date that

23   Round Rock notified SanDisk of its alleged infringement of the patents-in-suit.  If Micron made

24   and sold products that practiced the alleged inventions but did not mark them with the appropriate

25

26   [3]  Micron criticizes SanDisk for seeking "documents that postdate the filing of the patents-in-suit." [Micron Opp. at 6:11-13.]  However, under 35 U.S.C. § 287, the duty to mark begins only after a

27   patent issues, which always "postdate[s] the filing."

28   [4]  Unlike the true nonparty in *Convolve*, Micron is not "unpaid."  *Convolve*, 2011 WL 1766486 at *2.

SanDisk's Reply In Support Of Motion to       5       Case No. 13-mc-80165 RS JSC
Compel Micron's Production of Documents
2064178

patent numbers, Round Rock is not entitled to any damages from SanDisk prior to that date that Round Rock first provided notice of infringement to SanDisk. *See* 35 U.S.C. § 287(a) ("In the event of failure to so mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice"). For example, Round Rock sued SanDisk for alleged infringement of U.S. Patent No. 6,845,053 ("the '053 patent") on May 3, 2012. [Ebertin Reply Decl. at Ex. 1.] Round Rock alleges that SanDisk infringes claim 24 of the '053 patent. Claim 24 covers an apparatus, namely "an electronic system" comprising a processor and a flash memory device. [*See* Ebertin Reply Decl. at Ex. 2 ('053 patent at col. 8:3-20).] That system requires the use of a "mode control bit" which impacts whether the device operates in a high data throughput mode or a low power mode. [*Id.*] If Micron, as the original owner of the '053 patent ███████████████, sold devices incorporating the alleged invention of claim 24 but did not mark such products with the '053 patent number, Round Rock is not entitled to recover any damages for alleged infringement of the '053 patent prior to May 3, 2012.

During the recent deposition of Frankie Roohparvar, a former vice president at Micron who left in 2012, Mr. Roohparvar testified ████████████████████████████ In particular, Mr. Roohparvar testified that Micron's SyncFlash memory products ████████████████████████████ ████████████████████████████ [Ebertin Reply Decl. at Ex. 3 (Roohparvar Depo. at 130:14-131:1, 132:7-15).] Despite the relevance of this

---

[5]   Although Micron "sold" the '053 patent to Round Rock, ████████████████ ████████████████████████ Micron's un-marked sales of products that practice the alleged invention of the '053 patent can also operate to cut-off Round Rock's damages. *See Amsted Industries Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994) ("A license who makes or sells a patented article does so 'for or under' the patentee, thereby limiting the patentee's damage recovery when the patented article is not marked").

1  product line, Micron has failed to produce its engineering and sales documents regarding the

2  SyncFlash product line.[6]

3      As such, it is clear that Micron has relevant documents regarding its implementation and

4  sales of products which practiced the alleged inventions of the patents-in-suit.  To the extent that

5  searching for those documents would require the time of Micron's engineers, Micron could certainly

6  ██████████████████████████████████████████████████████████████

7  ██████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████  In either event,

9  searching for such documents would not burden Micron in any significant way that Micron did not

10  anticipate when it sold its patents to Round Rock.

11  **IV.    REMAINING DOCUMENT REQUESTS**

12      Regarding the remaining topics, SanDisk accepts Micron's representation that it searched for

13  and has no documents, or that Micron will search for and produce documents.  Such remaining

14  requests include Document Request No. C-5 [SanDisk Mot. at 9; Micron Opp. at 5]; Document

15  Request No. C-4 [SanDisk Mot. at 11:3–13:7; Micron Opp. at 4:10–5:9]; Document Request

16  Nos. M-1 and M-2 [SanDisk Mot. at 17:15–20:20; Micron Opp. at 3:8–4:9.]  SanDisk agrees to

17  withdraw these issues without prejudice based on Micron's representations, but reserves the right to

18  re-raise these issues if discovery reveals that Micron's representations are inaccurate.

19  / / /

20  / / /

21  / / /

22

23

24

25  ---
[6] Documents regarding Micron's SyncFlash product line are also relevant to marking issues concerning U.S. Patent No. 6,570,791 – another former Micron patent being asserted by Round

26  Rock.  Mr. Roohparvar testified that ███████████████████████████

27  ████████████ but without any document production from Micron, Mr. Roohparvar was unable to recollect relevant details about the product.  [Ebertin Reply Decl. at Ex. 4 (Roohparvar Depo. at

28  142:25-143:13).]

SanDisk's Reply In Support Of Motion to          7          Case No. 13-mc-80165 RS JSC
Compel Micron's Production of Documents
2064178

1

**V.     CONCLUSION**

2

For the foregoing reasons and because the requested documents are plainly relevant to

3

SanDisk's defenses and claims, SanDisk respectfully requests that the Court order Micron to

4

produce, within ten calendar days of the date of any order resulting from this motion, all documents

5

responsive to SanDisk's Document Request Nos. G-1, I-1, I-2, J-1, K-1, and L-1 – L-7.

6

Dated:  August 29, 2013                                            VINSON & ELKINS LLP

7

                                                  By:    */s/ Chuck P. Ebertin*_____
8                                                          Chuck P. Ebertin

9                                                          Attorneys for Plaintiff and
                                                           Counterclaim Defendant
10                                                         SanDisk Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SanDisk's Reply In Support Of Motion to**                    8                    **Case No. 13-mc-80165 RS JSC**
**Compel Micron's Production of Documents**
2064178

1

## PROOF OF SERVICE

2      I, Chuck Ebertin, certify that:

3      On August 29, 2013, I caused a copy of **SANDISK'S REPLY IN SUPPORT OF ITS**

4   **MOTION TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS FROM**

5   **MICRON TECHNOLOGY INC.** to be served on counsel for Micron Technology Inc.

6      DESMARAIS LLP                                    BLACK CHANG & HAMILL LLP
       Jon T. Hohenthaner                               Bradford J. Black (SBN 252031)
7          jhohenthaner@desmaraisllp.com                   bblack@bchllp.com
       John C. Spaccarotella                            Andrew G. Hamill (SBN 251156)
8          jspaccarotella@desmaraisllp.com                 ahamill@bchllp.com
       Ameet A. Modi                                    4 Embarcadero Center, Suite 1400
9          amodi@desmaraisllp.com                       San Francisco, CA  94111
       Richard M. Cowell
10         rcowell@desmaraisllp.com
       Andrew Heinz
11         aheinz@desmaraisllp.com
       230 Park Avenue
12     New York, NY  10169

13

14      ▪   by transmitting via electronic mail a true and correct copy of the above-listed document

15          scanned into an electronic file in Adobe "pdf" format.

16

17      I declare under penalty of perjury under the laws of the United States of America that the

18   above is true and correct.  Executed on August 29, 2013 in Palo Alto, California.

19

20

                                        /s/ *Chuck P. Ebertin*
21                                      _____
                                           Chuck P. Ebertin

22

23

24

25

26

27

28

SanDisk's Reply In Support Of Motion to                9                Case No. 13-mc-80165 RS JSC
Compel Micron's Production of Documents
2064178